IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QURON H. CARTER, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5538 |
| | : | |
| DONALD BERMUDEZ, | : | |
|     Defendant. | : | |

MEMORANDUM

HODGE, J.                                                                                             OCTOBER 1, 2025

Plaintiff Quron H. Carter, a pretrial detainee currently incarcerated at the Montgomery County Correctional Facility ("MCCF"), filed this civil action pursuant to 42 U.S.C. § 1983 raising claims against his criminal defense attorney, Donald Bermudez. Carter seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Carter leave to proceed *in forma pauperis* and dismiss the Complaint.

I.  FACTUAL ALLEGATIONS[1]

Public dockets reflect that Carter has been charged with numerous firearm and conspiracy offenses that are currently pending in the Montgomery Court of Common Pleas. *Commonwealth v. Carter*, No. CP-46-CR-0000129-2025 (C.P. Montgomery). According to court records, Defendant Bermudez entered his appearance on behalf of Carter on March 25, 2025 with respect to the foregoing charges. (*Id.*) Bermudez later filed a motion to withdraw his appearance on

---

[1] In determining whether the Complaint states a claim, the Court considers Carter's allegations, exhibits attached to the Complaint and matters of public record. *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014). The Court adopts the pagination supplied by the CM/ECF docketing system.

July 15, 2025, and the motion to withdraw was granted on August 27, 2025. (*Id.*) Carter is currently represented by the Montgomery County Public Defender's Office. (*Id.*)

Carter's allegations are brief. Carter avers that Bermudez told him that he could not file any pretrial motions, and he asserts that Bermudez "fabricated" a Rule 600 motion, a "habeas corpus petition[,] and suppression hearings." (Compl. (ECF No. 3) at 4-5.) He alleges that "Bermudez did not help [him] with anything" and "fabricated" everything else Carter requested. (*Id.* at 6.) At some point, Carter verbally terminated Bermudez. (*Id.* at 5.) After Bermudez was terminated, Bermudez allegedly called Carter's spouse seeking more money and told her that Carter could not terminate him. (*Id.* at 4.)

Carter contends that Bermudez "failed to exercise ordinary skill and knowledge" and failed to communicate with him. (*Id.* at 4, 13.) He avers that Bermudez "deliberately misled" him about his rights. (*Id.* at 14.) He also contends that Bermudez has deprived him of his constitutional rights, including his First Amendment right to free speech, his Sixth Amendment right to counsel, and his Fourteenth Amendment rights to due process and equal protection of the law. (*Id.* at 3-4.) He avers that Bermudez has breached his fiduciary and ethical duties, has been negligent, and committed fraud and misrepresentation. (*Id.*) Carter alleges that he's suffered mental anguish, emotional distress, and pain and suffering. (*Id.* at 6.) He seeks monetary damages in the amount of $40,000. (*Id.*)

## II.    STANDARD OF REVIEW

The Court grants Carter leave to proceed *in forma pauperis* because it appears that he does not have the ability to pre-pay the fees to commence this case.[2] Accordingly, 28 U.S.C. §

---

[2] However, as Carter is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). At the screening stage, the Court accepts the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice to state a claim. *Iqbal*, 556 U.S. at 678.

Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

####   A.   Federal Civil Rights Claims

Carter seeks money damages for constitutional claims. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Carter's civil rights claims against Bermudez for his role as counsel in Carter's state criminal case are not plausible because an attorney performing the traditional functions of counsel—whether privately retained, court-appointed, or a public defender—is not a state actor for purposes of § 1983. *See Gannaway v. Stroumbakis*, 842 F. App'x 725, 730 (3d Cir. 2021) (*per curiam*) (noting that "[a] privately retained attorney clearly does not act under color of state law, and . . . that 'no color of state law attache[s] to the functions of court-appointed counsel.'") (citation omitted). That is because "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999); *see also Webb v. Chapman*, 852 F. App'x 659, 660 (3d Cir. 2021) (*per curiam*) ("[A]ttorneys representing individuals in criminal proceedings generally are not state actors for purposes of § 1983."); *Singh v. Freehold Police Dep't*, No. 21-10451, 2022 WL 1470528, at *2 (D.N.J. May 10, 2022) ("Plaintiff['s] dissatisfaction with the representation provided by Mr. Moschella does not provide a basis for a civil rights claim against him."). For these reasons, Bermudez is not subject to liability under § 1983 and the claims against him with be dismissed.

### B.     State Law Claims

To the extent Carter raises claims against Bermudez under state law, he has not pled an independent basis for the Court's jurisdiction over those claims.[3]  District courts may exercise jurisdiction over cases raising claims exclusively under state law if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,'" which means that "unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'"  *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).  Since Carter has not alleged the parties' citizenship, and provided only a Pennsylvania mailing address for Bermudez, he has not met his burden to show the parties are diverse.  Because his demand is $40,000, he has also failed to meet the amount in controversy threshold for the Court to exercise diversity jurisdiction.  The Court will therefore dismiss any state law claims for lack of subject matter jurisdiction, without prejudice to Carter pursuing those claims in state court.

---

[3] Because the Court has dismissed Carter's federal claims, the Court will not exercise supplemental jurisdiction over any state law claims.

IV.     **CONCLUSION**

For the foregoing reasons, the Court will grant Carter leave to proceed *in forma pauperis* and dismiss his Complaint. Carter's federal claims against Bermudez will be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). He will not be given leave to amend these claims because the Court concludes that amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Carter's state law claims will be dismissed for lack of subject matter jurisdiction, without prejudice to Carter pursuing those claims in state court if he chooses to do so. A dismissal Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

**BY THE COURT:**

/s/ Hon. Kelley B. Hodge
_____
**KELLEY BRISBON HODGE, J.**